UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathan Paul Severson,<br><br>Plaintiff,<br><br>v.<br><br>Michael J. Colich, Esq.,<br><br>Defendant. | Case No. 15-cv-3699 (SRN/TNL)<br><br><br><br>**ORDER** |

SUSAN RICHARD NELSON, United States District Judge

Plaintiff Nathan Paul Severson commenced this action alleging state law claims of legal malpractice and breach of contract/breach of fiduciary duty against Defendant. (Compl. [Doc. No. 1] at 4–11.)  Plaintiff, a prisoner, sought leave to proceed *in forma pauperis*, (Mot. to Proceed In Forma Pauperis [Doc. No. 2]), and U.S. Magistrate Judge Tony Leung ordered him to pay an initial partial filing fee of at least $71.81 before his case could go forward, (Order filed Dec. 17, 2015 [Doc. No. 5] at 4).

The Court thereafter received a payment of $75.00 from Plaintiff but incorrectly entered the payment on the docket for Plaintiff's criminal case rather than in this case. Accordingly, on January 20, 2016, Judge Leung recommended dismissal without prejudice of Plaintiff's case, for failure to prosecute, because the docket sheet did not show that the filing fee had been paid.  (Report and Recommendation filed Jan. 20, 2016 [Doc. No. 6] at 2.)  He also recommended denying as moot Plaintiff's Motion to Proceed

In Forma Pauperis.  (Id.)  Plaintiff filed a response on February 8, 2016, explaining that he had made the payment.  (Resp. to Magistrate Report and Recommendation [Doc. No. 7].)  He included the cashed check and his receipt from the Court.  (Id.)  The error has now been corrected, as reflected in the docket for this case.  (See Receipt [Doc. No. 8].)  Therefore, this Court respectfully declines to adopt Judge Leung's recommended dismissal without prejudice based on the failure to pay the filing fee.

Upon review of Plaintiff's Complaint, however, the Court finds that it lacks subject matter jurisdiction over this action.  Subject matter jurisdiction may be based on the existence of a federal question (i.e., claims based on federal law) or diversity of citizenship (i.e., the plaintiff and defendant are citizens of different states and more than $75,000 is at issue).  See 28 U.S.C. §§ 1331, 1332(a)(1).  Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); see also Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011) (holding that "a court has a special obligation to consider whether it has subject matter jurisdiction in every case," including a responsibility to consider the issue sua sponte if the court believes that jurisdiction may be lacking).

Plaintiff alleges state law claims of legal malpractice and breach of contract/fiduciary duty.  Thus, he does not allege any basis in federal law for this Court's jurisdiction, so this Court must have diversity jurisdiction in order for this case to proceed.  "[F]or purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual." Jones v. Hadican, 552 F.2d 249, 250

(8th Cir. 1977). According to the Eighth Circuit Court of Appeals in Jones v. Hadican, "[w]ith respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." Id. Although this presumption is rebuttable, a prisoner must "show truly exceptional circumstances" to demonstrate that "he has acquired a new domicile at the place of his incarceration." Id. at 251. Under this rule, the prisoner must provide "more than 'unsubstantiated declarations.'" Id. "Although this standard relates to the ultimate burden of proof, there is a concomitant burden of pleading[,] i.e., the complaint must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." Id. Thus, in Jones, the plaintiff's allegations that his legal residence was at the prison, that he was serving a long sentence, and that his marriage had deteriorated, were insufficient to raise a substantial question that his domicile had changed to his place of incarceration. Id. Accordingly, the Eighth Circuit affirmed the district court's sua sponte dismissal of the plaintiff's complaint for lack of subject matter jurisdiction. Id.

In his Complaint, Plaintiff asserts that Defendant is a resident of Minnesota. (See Compl. at 2.) As for himself, Plaintiff states that he "was and is at all relevant times herein a resident of the state of Minnesota" even though he was "incarcerated in Milan Federal Correctional Institution" in Michigan. (Id. at 1.) However, Plaintiff also claims that he "will be released in the state of Wisconsin at his Aunt & Uncle's home." (Id.) Thus, Plaintiff alleges that he is from Minnesota, is incarcerated in Michigan, and plans to move to Wisconsin when he is released.

3

Under <u>Jones</u>, Plaintiff's state of citizenship for purposes of diversity jurisdiction is Minnesota, where he lived prior to his incarceration. Because Defendant also is a Minnesota citizen, diversity of citizenship does not exist. Nor does diversity jurisdiction exist based on Plaintiff's allegation that he will be released in Wisconsin or that he was incarcerated in Michigan. <u>Jones</u> does not provide an avenue for establishing citizenship in the state in which a prisoner plans to be released. Rather, under <u>Jones</u>, Plaintiff may only attempt to rebut the presumption that he is a citizen of Minnesota by demonstrating that he has acquired a new domicile at his place of incarceration—Michigan. Plaintiff has failed to assert any allegations—let alone allegations of "truly exceptional circumstances"—to that effect.[1]

Because Plaintiff has failed to sufficiently allege that he and Defendant are citizens of different states, this Court does not have subject matter jurisdiction over this case. Accordingly, Plaintiff's Complaint is dismissed without prejudice. <u>See</u> <u>Erickson v. U.S. Post Office</u>, 250 F. App'x 757, 758 (8th Cir. 2007) (per curiam) (citing <u>Hernandez v. Conriv Realty Assocs.</u>, 182 F.3d 121, 123–24 (2d Cir. 1999), for the proposition that "Article III deprives federal courts of [the] power to dismiss [a] case with prejudice where subject matter jurisdiction does not exist").[2]

---

[1] In fact, according to the docket in this matter, Plaintiff is now incarcerated at the Federal Correctional Institute in Sandstone, Minnesota. Because Defendant also is alleged to be a citizen of Minnesota, diversity of citizenship does not exist in this situation, either.

[2] The Court notes that this dismissal does not necessarily mean that Plaintiff has no actionable claim for relief; it simply means that he will have to pursue his claims in state court rather than in federal court.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

1. The Court declines to adopt Magistrate Judge Leung's January 20, 2016 Report and Recommendation [Doc. No. 6];

2. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and

3. Plaintiff's Motion to Proceed In Forma Pauperis [Doc. No. 2] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 10, 2016                                                s/Susan Richard Nelson
                                                                    SUSAN RICHARD NELSON
                                                                    United States District Judge